Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street, Suite B
Rhinebeck, New York 12572
Tel - 845-876-7500
Fax - 845-876-7501
ncharny@charnyandassociates.com

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ OCT 21 2010 ★
BROOKLYN OFFICE

Attorneys for Plaintiffs

MAUSKOPF, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEVY M.J.

ADONAI GUERRERO VAZQUEZ, JESUS AGUILAR HERNANDEZ, ARTURO AGUILAR HERNANDEZ and JOSE LUIS OLMOS RODRIGUEZ, in their individual capacities and as representatives of those similarly situated,

Plaintiffs,

v.

PANTELIS KARAGEORGIS, in his individual capacity and PETER'S FINE GREEK FOOD INC.,

Defendants.

COMPLAINT

CV.10-4839

Civ. Action No. _____

CLASS ACTION

## INTRODUCTION

1.      This is an action brought by the Plaintiffs on behalf of themselves and others similarly situated seeking payment of minimum wage, overtime and spread of hours wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs, on behalf of themselves and others similarly situated, also seek damages under FLSA and NYLL for late payment of wages as well as for contract damages insofar as the Plaintiffs were paid far less than the contractually guaranteed wages.

1

2. Defendant Peter's Fine Greek Food Inc. (herein the Corporate Defendant) is a New York State Corporation engaged in the business of food concessions at traveling carnivals and fairs in, among other places, various states on the East Coast of the United States. Defendant Pantelis Karageorgis is the principal officer of the Corporate Defendant (collectively referred to as the Defendants). Defendants solicited the Plaintiffs, Mexican nationals, to come to the United States under H-2B Visas and work for Defendants as manual laborers at various intervals within at least the last three years and, upon information and belief for the past six years.

3. Defendants required the Plaintiffs to work excessively long hours in performing their duties, including typically seventeen (17) hour days, for many days in a row, without paying Plaintiffs the minimum wage and/or overtime pay for all hours worked, as required by the FLSA and NYLL. In addition, Defendants failed to pay the Plaintiffs timely as required by both FLSA and NYLL. To the extent the Plaintiffs were paid at all, it was months later and at a wage rate ranging from $1.00 per hour to $3.00 per hour.

4. Plaintiffs seek to recover the back wages owed to them, an equal amount of liquidated damages, and the costs and attorneys' fees involved in bringing this action.

5. In addition, and in the alternative, Plaintiffs seek to recover breach of contract damages amounting to the difference between what they were paid and the promised hourly wage set out in the "Contract for Temporary Employment" entered into between the Plaintiffs and Defendants.

6. Plaintiffs bring this action individually, as a collective action for the FLSA claims and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the state law claims.

## JURISDICTION

7. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the FLSA, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

8. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. §1367(a).

## VENUE

9. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in the District.

## PARTIES

6. Plaintiff Adonai Guerrero Vazquez is a Mexican national who was employed by Defendants during certain periods of time from 2008 to the present.

7. Plaintiff Jesus Aguilar Hernandez is a Mexican national who was employed by Defendants during certain periods of time from 2009 to the present.

8. Plaintiff Arturo Aguilar Hernandez is a Mexican national who was employed by Defendants during certain periods of time from 2009 to the present.

9. Plaintiff Jose Luis Olmos Rodriguez is a Mexican national who was employed by Defendants during certain periods of time from 2010 to the present.

10. Consents to Sue are submitted as attachments to this Complaint.

11. Plaintiffs were engaged in commerce while working for Defendants.

12. Corporate Defendant is a New York State Corporation based in Astoria, New

York. It lists its address as 22-42 Steinway Street, Astoria, New York, 11105.

13. Defendant Karageorgis is the principal of the Corporate Defendant and acted directly and indirectly in Corporate Defendant's interest in relation to its employees, including Plaintiffs, and is thus an employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant to this action, Defendant Karageorgis exercised control over significant aspects of the day-to-day functions of Corporate Defendant including: (i) operational control over Corporate Defendant's operational enterprise, including actively managing, supervising and directing Corporate Defendant's business operations; (ii) power to establish, and did establish, the terms of employment of the Plaintiffs; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

11. Upon information and belief, Defendant Karageorgis resides in Queens, New York.

12. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, for each of the six years preceding the filing of this Complaint, Defendants have employed two or more individuals handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

14. Upon information and belief, Defendants grossed more than $500,000 in the past fiscal year.

**FACTS**

15. In or about July 2008, Plaintiff Vazquez was informed of available work in the United States working for Defendants. At that time, Plaintiff Vasquez met with Raul Hoffman,

4

who lived in Puebla, Mexico, who advised Plaintiff Vazquez that arrangements would be made for an H-2B Visa, to be sponsored by Strates Shows, Inc. At that time, Plaintiff Vazquez was also informed that Defendant Karageorgis would be Plaintiff Vazquez's supervisor.

16. In or about July 2008, Plaintiff Vazquez met with Hoffman and four other workers, who together travelled to Monterrey, Mexico, where they joined another 30 workers before crossing the border into the United States.

17. Upon information and belief, Hoffman paid for the visa fees, the border crossing fees and for the bus carrying the 35 total workers as they crossed the border from New Laredo, Mexico to Laredo, Texas.

18. At the time of his hiring by Defendants, Plaintiff Vazquez signed a written Contract for Temporary Employment which set out a fixed hourly rate and overtime pay pursuant to applicable law. Upon information and belief, the hourly rate set in the 2008 Contract was at least $10.00 per hour, less some amount (upon information and belief $25 per week) for housing.

19. There then ensued a bus ride through many different states, during which there were many stops where groups of workers would get off the bus and, upon information and belief, work within the different states. Plaintiff Vazquez was told to exit the bus in Danbury, Connecticut at which time he began working for Defendants.

20. Plaintiff Vazquez's jobs duties and responsibilities included: preparing food, chopping vegetables and meats, cooking and serving food; setting up and breaking down the tents where the food was sold; washing all the tarps and tents; and cleaning the carnival and fair rides.

21. Defendant Karageorgis regularly and routinely appeared on the various job sites in 2008 to supervise and manage the operation and affairs of the workplace.

22. For the period of time July 2008 up through and including October 11, 2008, Plaintiff Vazquez regularly and routinely worked 16-17 hours per day, and worked consecutive days without a day of rest typically for 15-20 days in a row.

23. During this period of time, Plaintiff Vazquez's was paid between $2.00 per hour and $4.00 per hour.

24. During this period of time, Plaintiff Vazquez was paid at least four weeks after the completion of each work week, and often times much later.

25. During this period of time, Defendants failed to remit to Plaintiff Vazquez: the minimum wage; spread of hour wages under NYLL; and overtime pay.

26. The following Spring, on or about March 27, 2009, Plaintiff Vazquez met up with Hoffman and Plaintiffs Jesus Aguilar Hernandez and Arturo Aguilar Hernandez (who are brothers) to return to the United States and again work for the Defendants. The sponsor of the H-2B Visas was, this time, Corporate Defendant.

27. At the time of these Plaintiffs hiring by Defendants in 2009, these Plaintiffs signed a written Contract for Temporary Employment which set out a fixed hourly rate and overtime pay pursuant to applicable law. Upon information and belief, the hourly rate set in the 2009 Contract was at least $12.00 per hour, less some amount (upon information and belief $25 per week) for housing.

28. These Plaintiffs' jobs duties and responsibilities included: preparing food, chopping vegetables and meats, cooking and serving food; setting up and breaking down the tents where the food was sold; washing all the tarps and tents; and cleaning the carnival and fair

6

rides. In addition, Plaintiff Arturo Aguilar Hernandez was assigned the responsibility of driving the Defendants' semi-truck from Syracuse to New York City, notwithstanding that Plaintiff Arturo Aguilar Hernandez was not properly licensed for such duties.

29. Defendant Karageorgis regularly and routinely appeared on the various job sites in 2009 to supervise and manage the operation and affairs of the workplace.

30. For the period of time March 2009 until and through October 2009, Plaintiffs Vazquez, Jesus Aguilar Hernandez and Arturo Aguilar Hernandez worked for Defendants routinely: (i) in excess of forty hours in a week; (ii) in excess of ten hours in one day; and (iii) without a day of rest for periods of two to three weeks in a row. In addition, Defendants failed to pay these Plaintiffs in a timely fashion, typically paying these Plaintiffs at least four weeks after the completion of each work week, and often times much later.

31. During this period of time, these Plaintiffs were paid approximately $1.00 per hour for their time.

32. At the conclusion of the work period, in or about October 2009, these Plaintiffs were returned to New York City and required to purchase their own plane tickets back to Mexico.

33. The following spring, on or about April 16, 2010, all four Plaintiffs met up with Defendants' representatives for purposes of returning to work in the United States for Defendants. After securing H-2B Visas for the Plaintiffs, the Plaintiffs were brought to the United States and began work for Defendants.

34. At the time of these Plaintiffs hiring by Defendants in 2010, Plaintiffs signed a Contract for Temporary Employment which established their hourly wage at $10.71 per hour less $25 per week for housing.

7

35. During the period of time April 16, 2010 through and including September 6, 2010, Plaintiffs worked for Defendants.

36. Plaintiffs' jobs duties and responsibilities included: preparing food, chopping vegetables and meats, cooking and serving food; setting up and breaking down the tents where the food was sold; washing all the tarps and tents; and cleaning the carnival and fair rides.

37. In addition, Plaintiff Arturo Aguilar Hernandez was assigned the responsibility of driving the Defendants' semi-truck from Syracuse to New York City, notwithstanding that Plaintiff Arturo Aguilar Hernandez was not properly licensed for such duties.

38. Defendant Karageorgis regularly and routinely appeared on the various job sites in 2010 to supervise and manage the operation and affairs of the workplace.

39. For the period of time April 16, 2010 and September 6, 2010 the Plaintiffs worked for Defendants routinely: (i) in excess of forty hours in a week; (ii) in excess of ten hours in one day; and (iii) without a day of rest for periods of two to three weeks in a row. In addition, Defendants failed to pay these Plaintiffs in a timely fashion, typically paying these Plaintiffs at least four weeks after the completion of each work week, and often times much later.

40. During this period of time, the average pay received by the Plaintiff's was $1.00 per hour.

41. Upon information and belief, for the period at least as far back as six years from the date of commencement of this action, there have been hundreds of Mexican nationals treated in the same violative fashion in regards to the payment of wages.

42. Defendants' failure to pay the Plaintiffs the minimum wage spread of hour wages and overtime wages required by law was willful.

43. Defendants' failure to pay the Plaintiffs in a timely fashion was willful.

44. All actions and omissions described in this Complaint were made by Defendants directly or through their supervisory employees and agents.

## COLLECTIVE ACTION AND
## CLASS ACTION ALLEGATIONS

45. For purposes of both the FLSA collective action and the Rule 23 class action, the Class is defined as: All non-exempt workers employed by Defendants through H-2B Visas for the period October 20, 2004 to the present.

46. Defendants have acted and refused to act on grounds generally applicable to the class members with respect to the claims thereby making final injunctive relief and/or declaratory relief applicable to the Class appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

47. The precise number of individuals in the Class is known only to Defendants. Upon information and belief, the Class includes over 100 individuals.

48. Joinder of all Class members is impracticable.

49. There are questions of law and fact common to the Class.

50. Plaintiffs' claims are typical of, and identical to the claims of the Class. The failure of Defendants to comply with the FLSA and NYLL served to deprive all Class members of the protection of these laws.

51. Plaintiffs will fairly and adequately protect the interests of the Class.

52. Plaintiffs' counsel are experienced in conducting class actions in federal courts. Plaintiffs' counsel is prepared to advance costs necessary to litigate this matter zealously, including the costs of Class notice.

53. The common claims of Plaintiffs and the Class predominate over any claims affecting individual Class members.

54. Plaintiffs' interests in the claims are in no way antagonistic or adverse to those of other class members.

55. A class action under Rule 23 of the Federal Rules of Civil Procedure is superior to other available methods of adjudicating the claims because, inter alia:

   i. Common issues of law and fact, as well as the relatively small claim of each Class member, substantially diminishes the interest of members of the Class in individually controlling the prosecution of separate actions;

   ii. Many of the Class members are unaware of their rights to prosecute these claims and lack the means and resources to secure legal assistant;

   iii. There has been no litigation already commenced by any member(s) of the Class to determine the questions presented; and

   iv. A class action can be managed without undue difficulty since Defendants have regularly committed the violations complained of herein and were required to maintain detailed records concerning each member of the Class.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT)

56. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57. Defendants failed to pay to the Plaintiffs and others similarly situated minimum wage, overtime and timely wages as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and its implementing regulations.

58. Defendants' failure to pay the required minimum wage, overtime and timely wages was willful within the meaning of 29 U.S.C. §255.

...
...

59. Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

## SECOND CAUSE OF ACTION
## (NEW YORK LABOR LAW)

60. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

61. Defendants failed to pay Plaintiffs minimum wage, overtime wages, spread of hours wages and timely wages in violation of New York Labor Law Articles 6 and 19 and their implementing regulations.

62. Defendants failed to provide Plaintiffs one day of rest in seven, as required by NYLL.

63. Defendants' failure to comply with New York wage and hour protections caused Plaintiffs to suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

64. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65. By their course of conduct set out in this Complaint, Defendants acted in breach of their contract with the Plaintiffs by failing to pay to the Plaintiffs the guaranteed hourly rate set out in the "Contract for Temporary Employment" entered into between the parties.

66. Defendants breach of the Contract caused the Plaintiffs to suffer damages.

WHEREFORE, Plaintiffs request that this Court enter an order:

a. Certifying this cause as a class action in accordance with Federal Rule of Civil Procedure 23(a) and 23(b)(3) with respect to claims under NYLL and Breach of Contract (Counts II and III);

b. Certifying this matter as a Collective Action under FLSA (Count I);

c. Declaring that the Defendants violated FLSA and NYLL;

d. Declaring that the Defendants' violation of FLSA and NYLL were willful;

e. Enjoining the Defendants from committing future violations of FLSA and NYLL;

f. Granting judgment to Plaintiffs and others similarly situated for their claims of unpaid wages as secured by FLSA as well as an equal amount in liquidated damages;

g. Granting judgment to Plaintiffs and others similarly situated for claims under NYLL as well as an additional 25% in liquidated damages and prejudgment interest;

h. Granting judgment to Plaintiffs and others similarly situated for breach of contact;

i. Awarding Plaintiffs and others similarly situated costs and reasonable attorneys fees; and

j. Granting such further relief as the Court finds just and equitable.

Dated: Rhinebeck, New York
October 20, 2010

*[signature: Nathaniel K. Charny]*

Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street, Suite B
Rhinebeck, New York 12572
Tel - 845-876-7500
Fax - 845-876-7501
ncharny@charnyandassociates.com


Milan A. Bhatt (MB 6843)
Workers Rights Law Center of New York, Inc.
101 Hurley Street, Suite 5
Kingston, NY 12401
Tel - (845) 331-6615
Fax - (845) 331-6617
mbhatt@wnylc.com


David O. Irving*
Farmworker Legal Services of New York
1187 Culver Rd.
Rochester, NY 14609
Tel - 585-325-3050
Fax - 585-325-7614

*Admission pro hac vice will be requested

Atorneys for Plaintiffs

## CONSENT TO SUE UNDER THE FLSA

I, _Adonai Guerrero Vazquez_, hereby consent to be a plaintiff in the foregoing minimum wage and overtime lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Peter Karageorgis and Peter's Fine Greek Food, Inc. and any other associated parties.

I hereby authorize Charny & Associates, Farmworkers Legal Services of New York, Inc. and the Workers Rights Law Center, Inc. and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: _October 19_, 2010    _____
                                   **Signature**

## CONSENT TO SUE UNDER THE FLSA

I, Jose Luis Olmos Rodriguez, hereby consent to be a plaintiff in the foregoing minimum wage and overtime lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Peter Karageorgis and Peter's Fine Greek Food, Inc. and any other associated parties.

I hereby authorize Charny & Associates, Farmworkers Legal Services of New York, Inc. and the Workers Rights Law Center, Inc. and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: October 19, 2010        _____
                                       Signature

## CONSENT TO SUE UNDER THE FLSA

I, ARTURO Aguilar Hernandez, hereby consent to be a plaintiff in the foregoing minimum wage and overtime lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Peter Karageorgis and Peter's Fine Greek Food, Inc. and any other associated parties.

I hereby authorize Charny & Associates, Farmworkers Legal Services of New York, Inc. and the Workers Rights Law Center, Inc. and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: October 19, 2010  _____
                                                                Signature

## CONSENT TO SUE UNDER THE FLSA

I, _Jesus Aguilar Hernandez_, hereby consent to be a plaintiff in the foregoing minimum wage and overtime lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Peter Karageorgis and Peter's Fine Greek Food, Inc. and any other associated parties.

I hereby authorize Charny & Associates, Farmworkers Legal Services of New York, Inc. and the Workers Rights Law Center, Inc. and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: _October 19_, 2010        _____
                                  Signature