UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

ADONAI GUERRERO VAZQUEZ, JESUS
AGUILAR HERNANDEZ, ARTURO AGUILAR
HERNANDEZ, JOSE LUIS OLMOS RODRIGUEZ,
JOSE SOLOZANO, ROBERTO CABRALES
MARTINEZ, SAMUEL ROSALES RIOS and
RAFAEL HERNANDEZ ALVAREZ in their
individual capacities and as representatives of those
similarly situated,

|                          | Civ. No.:  10-cv-04839 |
| Plaintiffs,              |                        |
|                          | (RRM) (RML)            |

-against-

PANTELIS KARAGEORGIS in his individual
capacity, PETER'S FINE GREEK FOOD INC., E.
JAMES STRATES in his individual capacity,
STRATES'S SHOWS, INC., RAUL HOFFMAN and
JUAN ANTONIO GONZALEZ,

Defendants.

-------------------------------------------------------------------

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and

entered into by and among Defendants, Pantelis Karageorgis in his individual capacity, Peter's

Fine Greek Food Inc, ("Peter's") along with all of their respective affiliates, subsidiaries,

divisions, related entities, successors, assigns, employees, officers, directors, members,

shareholders, attorneys, representatives, insurers and agents (collectively referred to throughout

this Agreement as the "Peter's Defendants") and Plaintiffs, Adonai Guerrero Vazquez, Jesus

Aguilar Hernandez, Arturo Aguilar Hernandez, Jose Luis Olmos Rodriguez, Jose Solorzano

(incorrectly identified in the caption as "Jose Solozano"), Roberto Cabrales Martinez, Samuel

Rosales Rios and Rafael Hernandez Alvarez, and their heirs, executors, agents, servants,

attorneys, successors and assigns (collectively referred to throughout this Agreement as "Plaintiffs"), who as of the date of signature below hereby agree to the following:

## RECITALS

WHEREAS, Plaintiffs allege that they were employees of Peter's and Pantelis Karageorgis;

WHEREAS, on October 21, 2010, Plaintiffs filed a lawsuit in the United States District Court for the Eastern District of New York, captioned *Vazquez, et al. v. Karageorgis, et al.,* Civ. No.: 10-cv-04839 (the "Lawsuit"). In the Lawsuit, Plaintiffs alleged, individually and on behalf of a putative class, that Defendants, engaged in violations of: (1) The Trafficking Victims Protection Reauthorization Act; (2) The Racketeering Influenced And Corrupt Organization Act; (3) The Alien Tort Claims Act; (4) The Fair Labor Standards Act; and (5) The New York Labor Law. In addition, Plaintiffs asserted a claim for breach of contract against all Defendants, including the Peter's Defendants and sought compensatory, treble, and punitive damages as set forth in the Lawsuit;

WHEREAS, the Peter's Defendants have vigorously denied Plaintiffs' claims and have denied that they are liable to Plaintiffs and/or the putative class for any alleged wrongdoing;

WHEREAS, in the Lawsuit, Plaintiffs seek class certification of the case pursuant to Federal Rule of Civil Procedure 23, and collective certification pursuant to 29 U.S.C. § 216(b). As part of the Settlement, the Plaintiffs agree to dismiss any and all claims for class/collective certification;

WHEREAS, the parties have conducted discovery and have engaged in extensive settlement discussions, including via the use of a Court Appointed Mediator, and as a result, have reached a settlement of the Lawsuit;

WHEREAS, Plaintiffs and Peter's Defendants desire to fully compromise and settle all existing and potential disputes that Plaintiffs have or perceive themselves as having against the Peter's Defendants and to avoid the expense of future litigation, including all claims asserted or which could have been asserted in the Lawsuit; and

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter contained, the receipt and sufficiency of which are hereby mutually acknowledged, and intending to be legally bound hereby, Plaintiffs and Peter's Defendants agree as follows:

## AGREEMENT

1.  <u>Settlement Amount</u>.  In consideration for the complete and full settlement of Plaintiffs' claims against the Peter's Defendants, and in order to avoid the uncertainties and costs of further litigation, the Peter's Defendants shall pay the total sum of **SEVENTY FIVE THOUSAND DOLLARS ($75,000.00)**, payable as follows:

   a.  Fourteen (14) consecutive payments of Five Thousand ($5,000) dollars, the first of which shall be payable on June 1, 2012 and the balance of which shall be payable monthly thereafter, on the first business day of each month, the last of which shall occur on August 1, 2013; and

   b.  A final payment in the amount of Five Thousand ($5,000) dollars, payable on or before September 16, 2013.[1]

   c.  In the event that the Peter's Defendants fail to timely make 2 payments as required by this Agreement the remaining payments due under the terms of this Agreement shall be accelerated and shall become immediately due a and owing. This provision, however, shall not be deemed to accelerate any payment delayed by reasons beyond the control of the Peter's Defendants, including, but not limited to, an act of god, or delay in mails.  For purposes of this Agreement, a payment is not timely made if a required payment has not been received by counsel for Plaintiff within 7 business days of the date it is due.

---

[1] In the event that the Court delays approval beyond June 1, 2012, then the payment schedule provided for in Paragraph 1(a) and (b) shall be adjusted to reflect the date of the approval of the settlement, plus an additional five days. By way of example, in the event that Court does not approve the settlement until June 15, 2012, the first payment due under the Agreement would be June 20, 2012 and the subsequent payments under Paragraph 1(a) would adjust to a payment date of the 20th of each month and the last payment would become due on October 7, 2013.

The checks required under this provision shall be made payable to: Worker Justice Center of New York, Inc. (formerly known as Farmworkers Legal Services of New York) ("WJC"), as attorneys for Plaintiffs, who shall distribute the funds as set forth on Exhibit A attached hereto. WJC shall supply the Peter's Defendants with an executed W-9 prior to the issuance of the settlement funds described above. The Settlement Payment is made without the Peter's Defendants or defense counsel's opinions or advice on its taxability under the Internal Revenue Code or any state law. The Settlement Payment is intended and does include payment for all alleged damages, including, but not limited to any and all actual, consequential, punitive, liquidated, economic or non-economic damages, as well as payment for any costs, expert fees, and/or attorneys' fees.  As such, no petition for fees or costs shall be made by Plaintiffs as a result of this Agreement, and any right to fees and costs shall be and are deemed hereby released and fully satisfied. Plaintiffs acknowledge that the amounts set forth above fully satisfy all claims that Plaintiffs have or perceive themselves to have against the Peter's Defendants from the beginning of time up to and including the date that this Agreement is executed, and is made only after a reasonable investigation by counsel of Plaintiffs' choosing.  Accordingly, Plaintiffs acknowledge that there are no wages or other employee benefits owed to them by the Peter's Defendants, and as to the Peter's Defendants, any wage and benefits allegedly owed have been fully satisfied.

2.     <u>No Claims Exist</u>.  Plaintiffs confirm that no claim, charge, complaint, or action has been instituted or initiated by them in any forum or form, except for the Lawsuit, against the Peter's Defendants and further state that they are not the Debtor in any pending proceeding for bankruptcy or insolvency.  Plaintiffs agree that they will not, in the future, file any claim, charge, complaint or action against the Peter's Defendants arising out of any conduct of the Peter's Defendants which is alleged to have occurred at any time from the beginning of time up to and

including the date this Agreement is executed.  In the event that any such claim, charge, complaint or action is filed by Plaintiffs or another entity or person(s) against the Peter's Defendants, including a putative class action, Plaintiffs shall not be entitled to recover any relief or recovery therefrom, including costs, expert fees, and/or attorneys' fees.  Rather, all such claims are deemed fully released and discharged. Except as prohibited by law, in the event that any such claim is filed by Plaintiffs, it shall be dismissed with prejudice upon presentation of this Agreement to the court or tribunal in which it is then pending.

3.  <u>No Participation In Claims</u>.  Plaintiffs understand that if this Agreement were not signed, Plaintiffs would have the right to voluntarily assist other individuals or entities in bringing claims against the Peter's Defendants. By executing this Agreement, Plaintiffs hereby waive that right and agree not to provide any such assistance to any person or entity. Notwithstanding the foregoing, these restrictions shall not apply to assistance in an investigation or proceeding conducted by an agency of the United States government, a state, or a political subdivision thereof, nor shall this restriction prevent Plaintiffs from compliance with the terms of a valid subpoena or other lawful process, provided that in the event that Plaintiffs receive service of a subpoena or other legal process, Plaintiffs promptly provide notice of receipt to the Peter's Defendants prior to the return date called for by such subpoena or other legal process unless the providing of such notice is specifically prohibited by law.

4.  <u>Indemnification</u>.  Plaintiffs and their attorneys acknowledge that they are solely responsible for reimbursing the Peter's Defendants reasonable attorneys' fees incurred in successfully prosecuting or defending any claim as a result of Plaintiffs' violation of any term of this Agreement; however, only the person and/or entity that caused the breach shall be responsible for providing the indemnification required under this provision.

5.      Release Claims.  The payment made pursuant to this Agreement will compensate Plaintiffs for and extinguish any and all claims they have or may have had against the Peter's Defendants as further set forth below:

(a)      Release of Plaintiffs' Claims.  In exchange for the above-described consideration, the sufficiency of which is hereby acknowledged, Plaintiffs, as well as their heirs, assigns, executors, administrators, attorneys and agents, hereby release and discharge the Peter's Defendants, as well as any and all of their current and former officers, directors, shareholders, parent companies, subsidiaries, affiliated entities, related entities, partners, members, employees, contractors, executors, administrators, insurers, attorneys, agents, heirs and assigns, from any and all claims, demands, damages, actions, attorney fees, expert fess, costs, losses, causes of action or suits of any kind or nature, known or unknown, which exist as of the date of this Agreement, arising out of or relating in any way to Plaintiffs' interaction with any Peter's Defendant, including but not limited to, any and all claims relating to those alleged or which could have been alleged in the Lawsuit, or based upon any other interaction with any Peter's Defendant and any of their related entities, including but not limited to:

(a) The National Labor Relations Act, as amended; Title VII of the Civil Rights Act of 1964, as amended;  Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Employee Retirement Income Security Act of 1974, as amended; The Immigration Reform Control Act, as amended; The Americans with Disabilities Act of 1990, as amended; The Fair Labor Standards Act, as amended; The Occupational Safety and Health Act, as amended; The Family and Medical Leave Act of 1993; The New York Human Rights Law; The New York Payment of Wages Law, as amended; The New York Equal Pay Law, as amended; The New York Whistleblower Law; The New York Labor Law; The Trafficking Victims Protection Reauthorization Act; The Racketeering Influenced And Corrupt Organization Act; The Alien Tort Claims Act;

(b) any and all claims under any other federal, state or local law, rule, regulation, or ordinance, any public policy, contract, tort, or common law action, any basis for recovering costs, fees or other expenses including attorneys' fees or costs incurred in these matters; and

(c) any and all other claims which were or which could have been brought in any other manner, under any legal theory or claim that is based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

Plaintiffs hereby agree that the Release set forth in this Paragraph is a <u>General Release</u> ("Release"), which is intended to be read as expansively and as broadly as permitted by law, and by executing this Agreement, Plaintiffs waive and fully assume the risk of any and all claims for damages which exist as of this date, but of which they do not know, whether through ignorance, error, oversight, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Release. Upon execution of this Agreement any and all claims by Plaintiffs against the Peter's Defendants or any person or entity related to or affiliated with the Peter's Defendants shall be fully and forever released and discharged.

6.     <u>Dismissal of Pending Action</u>. Plaintiffs intend as part of this Agreement to dismiss the pending action against the Peter's Defendants with prejudice and without costs, attorneys' fees, fines, or sanctions being assessed against the Peter's Defendants, and agree not to institute any further claim against the Peter's Defendants for damages or losses of any kind or nature arising out of conduct which was or could have been complained of in the Lawsuit or relating in any way to Plaintiffs' dealings with any Defendant, including the Peter's Defendants or their related entities.  Upon execution of this Agreement by all parties hereto, counsel for the parties shall submit a stipulated order of dismissal with prejudice and without costs or fees of all claims in the Complaint, except the claim under the Fair Labor Standards Act ("FLSA"). Immediately thereafter, the parties shall file a joint motion to approve settlement of the FLSA claim, which shall be filed under seal and shall seek the Court's approval of this Settlement and dismissal of Plaintiffs' FLSA claims as to the Peter's Defendants with prejudice and without costs or fees. Should the Court deny the Motion to Seal, however, that fact shall not effect the

validity or enforceability of this Agreement, including the Confidentiality provisions of this Agreement.  However, in the event that the Court does not approve the Settlement, including the Dismissal with Prejudice of all claims brought by Plaintiffs against the Peter's Defendants without costs, attorney fees, or sanctions, then this Settlement shall be deemed null and void and the Peter's Defendants shall consent to vacation of the Order of Dismissal of all non-FLSA claims. Plaintiffs agree as part of this Settlement Agreement not to appeal the entry of the Dismissal Order once entered by the Court.

7.     <u>Confidentiality</u>:  It is the intent that the terms under which this matter has been settled, including the provisions of this Agreement and settlement amount (collectively "Confidential Information"), will be forever treated as confidential by Plaintiffs and their attorneys. Accordingly, neither Plaintiffs nor their attorneys will disclose, either directly or indirectly, Confidential Information to anyone at any time, except as required by operation of law or court order or as provided in subsection (a) below.  The term Confidential Information does not include any publically filed document, that has not sealed been sealed by order of the Court.

(a)     <u>Exceptions</u>.  If asked about the disposition of this matter, Plaintiffs and their attorneys shall respond that "the matter has been resolved," "the matter was settled," state "no comment" or words to that effect.  In addition, Plaintiffs may disclose Confidential Information:

(1) to their accountants, tax planners and/or attorneys; or

(2) to their immediate family members; or

(3) as directed by valid court order or subpoena; and if any Plaintiff receives such subpoena or order, the Plaintiff receiving such order or subpoena agrees to timely notify the Peter's Defendants so that the Peter's Defendants may pursue protective relief as may be appropriate.

If any Plaintiff elects to disclose Confidential Information to any person identified in

subsection 7(a), then that person will be simultaneously informed that: (a) he or she must keep such Confidential Information strictly confidential, (b) he or she may not disclose such Confidential Information to any other person without the advance written consent of the Peter's Defendants, and (c) Plaintiff will be subject to the provisions of Paragraph 10 of this Agreement if any person identified in section 7(a)(1)(2) to whom he or she has disclosed Confidential Information violates the confidentiality provisions of this Agreement.   Additionally, counsel for Plaintiffs may disclose Confidential Information as that term is defined in this paragraph to their respective accountants, tax planners, attorneys, and to federal, state and local taxing authorities, as well as to other attorneys and staff within their present law firms or with one another and then only as necessary to execute and enforce this Agreement or to obtain dismissal of Plaintiffs' claims, without violating Paragraph 7(a) above.

8.    <u>Non-Disparagement</u>. Plaintiffs and their counsel agree that they shall not make or cause to be made any disparaging, negative, or critical comment regarding the Peter's Defendants arising out of any act occurring prior to the date that this Agreement is executed, including making such statements regarding the Peter's Defendants to or in the media or via the internet.   Neither Plaintiffs nor their counsel shall be responsible for statements made by unaffiliated third parties. Further, Plaintiffs agree to immediately notify the U.S. Department of Labor and the New York Department of Labor that this matter has been resolved to their satisfaction via a writing approved by all parties to this agreement.

9.    <u>Non-Solicitation and Related Provisions</u>.   Plaintiffs agree that they will not directly or indirectly solicit any person or persons to investigate, initiate, or to participate in a lawsuit or other proceeding against the Peter's Defendants.

10.    <u>Liquidated and Other Damages</u>: Plaintiffs and their counsel acknowledge and agree that any damages caused by a violation of this Agreement would be difficult if not

impossible to determine. As such, should Plaintiffs or any of their attorneys or agents violate the provisions contained in Paragraphs 7, 8 and/or 9, as demonstrated by a judgment or award based upon a preponderance of the evidence at a trial at which this Agreement was introduced into evidence, the violating person or entity will forfeit, as liquidated damages and not as a penalty, the following amounts:

(a)    if Plaintiffs or any person identified in subsection 7(a)(2) violate the provisions of Paragraph 7, that Plaintiff shall forfeit and/or pay to the Peter's Defendants the entire net amount he, she, or it, as the case may be, received from this Settlement;

(b)    if Plaintiffs' attorneys, agents or any other person identified in subsection 7(a)(1) violate the provisions of Paragraph 7, the violating party shall pay to the Peter's Defendants the entire net amount he, she and/or it, as the case may be, received as a fee from this settlement.

In addition to liquidated damages, the Peter's Defendants shall also be entitled to seek injunctive or other relief as may be permitted by law or in equity, including all damages of any type permissible by law, along with any other remedy provided for in this Agreement, including those set forth in Paragraph 4 above.

11.    <u>No Admission of Wrongdoing</u>.  Plaintiffs acknowledge that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Peter's Defendants of any liability or unlawful conduct of any kind.  Rather, all such liability and alleged unlawful conduct is expressly denied and disclaimed.

13.    <u>Governing Law and Interpretation</u>.  This Agreement represents the complete agreement and understanding of the parties and shall be interpreted and enforced in accordance with the laws of the State of New York, without regard to its conflict of law provisions.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and that provision cannot be modified to be enforceable by the court, then such

provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  However, the parties agree that in all circumstances, the General Release shall be enforced to the full extent of the law.  This Agreement shall be enforceable by the courts located in or governing the State of New York.  As such, all parties' voluntarily consent to personal and subject matter jurisdiction in the State of New York for any action relating to the enforcement of this Agreement and further consent to the transfer of any claim brought in another jurisdiction to a court located in New York.

14.     Amendment.  This Agreement may not be modified, altered or changed, except upon express written consent of all parties hereto wherein specific reference is made to this Agreement.  The parties further agree that this Agreement, including this provision, may not be orally modified, as this Agreement is governed by the statute of frauds.

15.     Cooperation.  Each of the parties hereto has cooperated in the drafting and preparation of this Agreement.  Hence, this Agreement shall not be construed against any party.

16.     Entire Agreement.  This Agreement sets forth the entire agreement between the parties.  All agreements, covenants, representations and warranties, express and implied, oral and/or written, of the parties with regard to the subject matter hereof are contained herein.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by either party to the other with respect to the subject matter of this Agreement.  All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants, and warranties with respect to the subject matter hereof, which are not set forth herein, are waived and superseded by the terms set forth in the Agreement.  This is a final, binding and fully-integrated agreement.  This Agreement may be executed in multiple counterparts and fax and/or electronic signatures shall have the same effect as originals.

17.     Effective Date.  This Settlement is effective as of the date last signed below.

18.   <u>Continuing Jurisdiction</u>. The parties agree that the Court where the Lawsuit is pending shall have continuing jurisdiction to enforce the terms of this settlement.

**EACH OF PLAINTIFFS IS SPECIFICALLY ADVISED TO CONSULT WITH AN ATTORNEY OF HIS OR HER CHOICE BEFORE SIGNING THIS AGREEMENT, WHICH RELEASES RIGHTS HE OR SHE HAS OR MAY HAVE UNDER FEDERAL, STATE, AND LOCAL LAW.  EACH OF PLAINTIFFS ACKNOWLEDGES THAT HE OR SHE HAS BEEN AFFORDED A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.  HAVING ELECTED TO EXECUTE THIS AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH "1" ABOVE, EACH OF PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE OR SHE HAS OR MIGHT HAVE AGAINST THE PETER'S DEFENDANTS.  EACH OF PLAINTIFFS AGREE THAT THEY HAVE HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL OF HIS OR HER OWN CHOOSING AND THAT IF HE OR SHE SIGNS THIS AGREEMENT, HE OR SHE HAS DONE SO VOLUNTARILY AND WITHOUT ANY PRESSURE OR COERCION OF ANY NATURE FROM ANYONE. ALL PARTIES TO THIS AGREEMENT ACKNOWLEDGE THAT THEY ARE FULLY SATISFIED WITH THE REPRESENTATION THAT THEY HAVE RECEIVED IN THIS ACTION BY THEIR RESPECTIVE COUNSEL.**

PLAINTIFFS**:** ADONAI GUERRERO VAZQUEZ, JESUS AGUILAR HERNANDEZ, ARTURO AGUILAR HERNANDEZ, JOSE LUIS OLMOS RODRIGUEZ, JOSE SOLORZANO, ROBERTO CABRALES MARTINEZ, SAMUEL ROSALES RIOS and RAFAEL HERNANDEZ ALVAREZ in their individual capacities and as representatives of those similarly situated**:**

Dated: _____, 2012

_____
ADONAI GUERRERO VAZQUEZ

Dated: _____, 2012

_____
JESUS AGUILAR HERNANDEZ

Dated: _____, 2012

_____
ARTURO AGUILAR HERNANDEZ

Dated: _____, 2012

_____
JOSE LUIS OLMOS RODRIGUEZ

Dated: _____, 2012

_____
JOSE SOLORZANO

Dated: _____, 2012

_____

ROBERTO CABRALES MARTINEZ,

Dated: _____, 2012

_____

SAMUEL ROSALES RIOS

Dated: _____, 2012

_____

RAFAEL HERNANDEZ ALVAREZ

*Approved as to Form and Substance, and the terms governing Plaintiffs' Counsel contained herein are agreed and accepted:*

Dated: _____, 2012

_____

Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street, Suite B
Rhinebeck, New York 12572
Tel - 845-876-7500
ncharny@charnyandassociates.com

Dated: _____, 2012

_____

David O. Irving (admitted pro hac vice)
Worker Justice Center of New York, Inc.
1187 Culver Rd.
Rochester, NY 14609
Tel - 585-325-3050
dirving@wnylc.com

Dated: _____, 2012

_____

Milan A. Bhatt (MB 6843)
Worker Justice Center of New York, Inc.
101 Hurley Street, Suite 5
Kingston, NY 12401
Tel - (845) 331-6615
mbhatt@wnylc.com

**DEFENDANTS:**

Dated: _____, 2012

_____
By: Pantelis ("Peter") Karageorgis
Individually and as President Peter's Fine Greek
Food Inc,

*Approved as to Form and Substance*

Dated: _____, 2012

_____
By:  Allan S. Rubin
Jackson Lewis LLP
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900

## EXHIBIT A TO SETTLEMENT AGREEMENT
*(Civ. No.:  10-cv-04839)*

Pursuant to the terms of Paragraph No. 1 of the Settlement Agreement, the settlement

proceeds shall be distributed as follows:

| Name: | Address: | Settlement Amount |
|---|---|---|
| Adonai Guerrero Vazquez | | $ 20, 142.24 |
| Jesus Aguilar Hernandez | | $14,423.91 |
| Arturo Aguilar Hernandez | | $14,423.91 |
| Jose Luis Olmos Rodriguez | | $3,200.58 |
| Jose Solorzano | | $1,280.22 |
| Roberto Cabrales Martinez | | $1,280.22 |
| Samuel Rosales Rios | | $1,280.22 |
| Rafael Hernandez Alvarez | | $3968.70 |
| Charny & Associates | | $0.00 |
| Worker Justice Center of New York, Inc | | $15,000.00 |

Tax  Id: _____
**TOTAL**                                              **$75,000 U.S**

4826-5652-4047, v. 6